DECISION
This is an application for a preliminary injunction by the attorney general and the director of the department of health. They seek a preliminary order mandating that the defendants forthwith engage a licensed lead hazard abatement contractor to abate a lead hazard in their property located at 11-13 Moore Street in the City of Providence and to order that all rents collected from tenants at that location be deposited in the registry of this Court to be used for lead hazard abatement ordered by the director of the State department of health.
The Court is required to weigh four considerations on an application of injunctive relief pending a final decision on the merits of the claim for relief. They are: 1) the likelihood of success on the merits of the claim; 2) the immediacy and irreparability of the harm to the claimant if preliminary relief is not granted; 3) the harm to the claimant's opponent if relief is granted, sometimes called "weighing the equities;" and finally, 4) whether a public interest dictates that preliminary relief be accorded or withheld.
Based on the evidence presented at protracted hearings on this application the Court finds that the plaintiffs have proved the following facts by a fair preponderance of the credible evidence:
 1. These defendants have exercised ownership, management and control of premises located at 11-13 Moore Street, Providence, Rhode Island.
 2. Legal title to the premises has rattled around in a number of anonymous entities, but control of the premises has always been asserted and exercised by the defendants.
 3. These premises have been the repeated subject in the past of numerous violations of minimum housing code standards over the years resulting in protracted litigation.
 4. The persistent and continuing presence of significant levels of lead in these premises has been detected on more than one occasion by qualified state inspectors.
 5. These premises currently contain enough lead so as to constitute a continuing, persistent hazard of lead poisoning to members of the public who occupy such premises, especially to children of tender years.
 6. The defendants have been ordered by the plaintiff director to abate the presence of lead hazards in their premises, but have knowingly and deliberately refused to do so.
 7. The subject premises have been the source of lead poisoning to at least one minor child under the age of six years.
 8. The defendants have refused to remove the hazard by removing the source of the lead poisoning.
 9. The serious health risks to young children from exposure to lead have been clearly established by the record in this case.
 10. The defendants have violated official properly promulgated lead hazard regulations by attempting to engage unlicensed contractors to abate existing lead hazards.
 11. The defendants have been obstructive to and noncompliant with, to the point of outright defiance of this Court's interim orders.
 12. The defendants have demonstrated no intention of abating the lead hazard in their premises without a direct order by the Court.
For the purpose of deciding this motion for preliminary injunctive relief, the Court believes that at a hearing on the merits the Court would rule as a matter of law, based on the evidence and the foregoing facts most likely to be found from the evidence, as follows:
 1. This Court has jurisdiction to grant injunctive relief pursuant to G.L. 1956 (1996 Reenactment) §§ 23-1-23 and 23-24.6-23 upon the application of the director. This jurisdiction is in addition to, and not preempted by the jurisdiction of any other court to enforce the provisions of the Housing Maintenance and Occupancy Code, pursuant to § 23-24.6-17 (c).
 2. The premises are a public nuisance. This Court has general equitable power, as well as statutory jurisdiction pursuant to G.L. 1956 (1997) § 10-1-1 et seq., to abate a public nuisance upon application of the attorney general.
The Court concludes that the plaintiffs have demonstrated so substantial a likelihood of success on the merits that relief will inevitably be granted on the merits of this complaint.
Since the claimants are asserting an overriding public interest in the protection of public health here, the persistence of this continuing hazard presents immediate and irreparable harm to the public so long as that hazard remains unabated.
The defendants will not undergo any hardship special to them or different from that of every other law-abiding residential rental property owner who has removed lead from rental premises, as required by law.
The plaintiffs' application for a preliminary injunction is granted.
The defendants are ordered to remove all lead from the interior and exterior of the real property located at 11-13 Moore Street, Providence, Rhode Island.
The defendants are further ordered forthwith to engage a lead abatement contractor licensed by the department of health to abate all lead hazards from the premises by removal forthwith of all lead from the premises.
The defendants are ordered to deposit all rental revenues from the premises in an escrow account to be established by counsel for the parties for financing of the costs of the lead hazard abatement.
Having been adjudged in civil contempt of this Court's previous interim orders, this Court will impose a civil fine in an amount found sufficient after hearing to reimburse the plaintiffs for their expenses in prosecuting such interim orders before this Court.
The plaintiffs will present an Order for entry upon reasonable notice to the defendants.